# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD GOEBEL | : | Case No. 3:09-cv-220 |
| | : | |
| Plaintiff and | : | District Judge Rose |
| Counter-Claim Defendant, | : | |
| | : | Magistrate Judge Merz |
| v. | : | |
| | : | |
| POELKING ENTERTAINMENT | : | |
| NETWORK, INC. | : | |
| | : | |
| Defendant, | : | **STIPULATED PROTECTIVE** |
| and | : | **ORDER** |
| | : | |
| POELKING-WOODMAN LANES, INC. | : | |
| | : | |
| Defendant and | : | |
| Counter-Claim Plaintiff. | : | |

WHEREAS, Plaintiff Richard Goebel has produced and/or will produce medical records that the parties regard as embodying confidential information; and

WHEREAS, the confidentiality of medical records is protected by law; and

WHEREAS, it has been agreed by and among the parties, through their respective counsel, that a Protective Order preserving the confidentiality of such documents and information should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of the protective order submitted by the parties (the "Protective Order");

IT IS HEREBY ORDERED THAT:

    1.    The parties agree that Mr. Goebel's medical records contain Confidential Material and shall be treated confidentially in accordance with this Protective Order.

1

2. "Confidential" information shall be used solely for the prosecution or defense of this matter and shall not be disclosed in any manner to anyone other than the parties, their law firms of record, employees of those law firms, any witnesses or experts, and the Court. Counsel shall instruct all such persons to themselves maintain the confidentiality of information protected by this Order, shall furnish to all such persons a copy of this Order, and are responsible for ensuring the compliance of such persons with this Order.

3. Confidential status may be claimed for documents and information contained therein either by stamping or writing "confidential" on them before their production or by providing counsel for the inspecting party with a written description of the documents for which confidential treatment is desired.

4. The parties may agree in writing only to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a documents, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to this Order until the Court rules on the designation of the document.

5. Unless otherwise agreed to by the parties, in the event that any "Confidential" information is included with, incorporated in, or in any way disclosed in any paper filed with the Court in connection with this proceeding or any subsequent appeals, the parties agree to request that the Court allow the "Confidential" information or documentation to be filed under seal and kept confidential. The party designating a document as "Confidential" shall provide the legal justification for filing the document under seal. This provision shall not be deemed to prevent

additional copies of any pleading or paper from being hand-delivered to the Court's chambers provided, however, such copies comply with the requirements set forth herein. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

6. At the trial of this action or at any hearing relating to this action before any judicial officer, a party may, subject to the rules of evidence and the order of the Court, use any Confidential Material for any purpose, provided that counsel for the party producing Confidential Material is given an opportunity to be heard before the disclosure of the Confidential Material.

7. At the conclusion of the proceedings of this action, all confidential documents and copies of confidential documents shall be destroyed or, upon request, returned to counsel within 60 days of the request. The termination of this action shall not relieve the parties and or other persons subject to this Order from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

8. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding without unnecessarily involving the Court in the process. By entering into this Order, no party agrees to produce any particular document or information, including but not limited to, any documentation referenced herein. This Order shall be without prejudice to the right of any party to object to the production of any information or documents or to object to the admissibility of any evidence or testimony. Moreover, this Order shall be without prejudice to

the right any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

9. This Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential information, nor does it affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, or that other procedures should be employed at trial regarding Confidential material.

10. The parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if designated "Confidential."

11. This Order has no effect upon and shall not apply to a party's own use of the information and documents that such party produced under the protections of this Order.

12. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

13. The United States District Court, Southern District of Ohio, retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

November 16, 2009.                                    s/ **Michael R. Merz**
                                                                   United States Magistrate Judge

**STIPULATED:**

| | |
|---|---|
| /s/ Becky J. Ganis | /s/ C. Mark Kingseed (per email auth.) |
| Becky J. Ganis  (0081034) | C. Mark Kingseed (0024597) |
| Randolph H. Freking (009158) | Laura L. Wilson (0068114) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 525 Vine Street, Sixth Floor | 33 West First Street, Suite 600 |
| Cincinnati, Ohio  45202 | Dayton, OH 45402 |
| (513) 721-1975/Fax:  (513) 651-2570 | (937)223-8177/Fax: (937)223-6705 |
| *bganis@frekingandbetz.com* | *kingseed@coollaw.com* |
| *randy@frekingandbetz.com* | *wilson@coollaw.com* |